I hold, therefore, that the county treasurer had no jurisdiction of the application to set aside the tax sales and conveyances in question in this action, and accordingly, in pursuance of the stipulation of the parties, judgment is awarded in favor of the defendants dismissing the complaint upon the merits. Settle decision and judgment on notice.

---

### STEINERT v. STEINERT et al.

(Supreme Court, Appellate Division, First Department. February 20, 1914.)

PERPETUITIES (§ 6*) — DEVISES — SUSPENDING POWER OF ALIENATION — DRY TRUST.

Where a testator devised all of his real and personal property in trust for the benefit of his minor children, who were not self-supporting, with power in his executors to sell the same to support the children, and devised his insurance to his two daughters who were not self-supporting, the devise to the minor children is not void as creating a trust for their support during their entire lives, thus unlawfully suspending absolute power of alienation, but it creates a mere dry or passive trust, and the property passes immediately to the minor children; the executors merely having power of sale to insure a speedy disposition if the children's needs require it.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 4–47, 49–53, 56; Dec. Dig. § 6.*]

Appeal from Special Term, New York County.

Action by Henry N. Steinert, individually and as executor, etc., against Eugenie M. Steinert, as executrix and others, impleaded with Lillian E. O'Brien. From the judgment the last-named defendant appeals. Affirmed.

The opinion of Davis, J., at Special Term is as follows:

Action by an executor for the construction of the last will and testament of Henry Steinert. The testator died February 2, 1913, leaving him surviving four sons and four daughters, all of whom are of full age except two of the sons. His estate consists of both personal and real property. The will in question was dated and executed May 22, 1905. At this time the testator's children, Anna T., Walter G., John F., and Ambrose M., were, respectively, 14 years, 12 years, 6 years, and Ambrose almost 21 years. The other four children were Eugenie M., Alma C., Lillian O'Brien, and Henry N., all of full age. Of the latter were self-supporting at the time of the execution of the will, to wit, Henry N., Ambrose M., and Lillian O'Brien. Eugenie M. and Alma C. were not then self-supporting. The testator disposes of all of his property by the first paragraph of his will as follows: "First. After my lawful debts are paid, I give, bequeath and devise to my son Henry N. and my daughter Eugenie all my real and personal property which I may be possessed of, in trust for my children Anna, Walter and John, and I do hereby authorize my executors to sell my real estate and stocks for the purpose of maintaining and supporting my said children Anna, Walter and John; all moneys in bank should also be applied for said purpose. I bear the same affection towards all of my children; my insurance is divided between my daughters Eugenie and Alma; the children not provided for herein is for the reason that they have ample methods of maintaining themselves. I devise all my household furniture to my daughter Eugenie. I hereby appoint my son Henry N. and my daughter Eugenie to be executors of this my last will and testament, hereby revoking all former wills." Considering the language of the will in the light of the circumstances of testator's children at the date

·of its execution it is clear that the testator intended to give his property to those who were not self-supporting. He says "the children not provided for herein is for the reason that they have ample methods of maintaining themselves." And so he gives his insurance to his daughters Eugenie and Alma, two of the children not self-supporting, and his other property he leaves in trust for his minor children, Anna, Walter, and John. It is contended that ·the trust for the minor children is void as suspending unlawfully the absolute power of alienation. I think the testator had no intention to create a trust ·to support and maintain the three children during their respective lives. There is no language in the will indicating the duration of such a trust or the ·disposition of the property after the termination of the trust. I am of the opinion that the provision is a dry or passive trust, which is prohibited in this state. It follows that the testator's property passed directly to the three ·children Anna T., Walter G., and John F., and that the executors simply had .a power of sale to insure a speedy and inexpensive disposition of the property as the needs of the children required it, and that no title vested in the executors. Kelley v. Hogan, 71 App. Div. 346, 76 N. Y. Supp. 5; Ramsey v. De Remer, 65 Hun, 212, 20 N. Y. Supp. 143; Treat v. Vose, 63 App. Div. 33S, 71 N. Y. Supp. 507; Matter of De Rycke, 99 App. Div. 596, 91 N. Y. Supp. 159; Donvan v. Van De Mark, 78 N. Y. 244; sections 92 and 93, Real Property Law (Consol. Laws, c. 50). Judgment accordingly.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

G. H. Gray, of New York City, for appellant.
J. H. Deignan, of New York City, for respondent.

PER CURIAM. Judgment affirmed, with costs on opinion of Davis, J., at Special Term. Order filed.

---

·(160 App. Div. 838)
### BIGUS v. LEHIGH & WILKES-BARRE COAL CO.

·(Supreme Court, Appellate Division, Second Department. February 27, 1914.)

1. MINES AND MINERALS (§ 118*)—INJURIES TO THIRD PERSONS—MINE FOREMAN.

   Where an accident in a mine was caused by the negligent failure of a worker in the mine to give warning of the approach of a car by which the injured person was struck, the proximate cause of the accident was within the control of the mining foreman employed under the statute, requiring the employment of a certified mine foreman who shall have control of the interior of the mine even to the exclusion of the master, except as to special duties of the master which may not be delegated.

   [Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 240; Dec. Dig. § 118.*]

·2. MINES AND MINERALS (§ 118*)—PERSONAL INJURIES—MINE FOREMAN.

   That a person injured from being struck by a car in a mine was not employed in the mine, but was merely there seeking employment, did not preclude the mineowner from being relieved from liability because the accident was due to negligence in respect to matters under the control of a certified mine foreman employed as required by statute.

   [Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 240; Dec. Dig. § 118.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes